

February 24, 2021

**Via ECF**

Hon. Lewis J. Liman, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-131

> The application with respect to the timing of motion papers and their length is GRANTED. The application with respect to sealing is DENIED because it is inconsistent with the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Parties are directed to use redactions to the best of their abilities and to file a motion to seal consistent with the Court's Individual Practices.
>
> SO ORDERED.
>
> LEWIS J. LIMAN
> United States District Judge
>
> 2.25.2021

Re:   3DT Holdings LLC v. Bard Access Systems Inc.
      Civil Action No.: 17-CV-5463-LTS-GWG

Dear Judge Liman:

We submit this joint letter on behalf of our client, 3DT Holdings, LLC ("3DT") and on behalf of Defendant Bard Access Systems, Inc. ("Bard") in connection with the summary judgment motions discussed during the January 11, 2021 status conference.

While the parties have exchanged proposals and engaged in discussions with respect to the Joint Rule 56.1 Statement, the parties respectfully request additional time to finalize the Joint Rule 56.1 Statement, and to adjust the summary judgment schedule accordingly. Specifically, the parties request that the summary judgment schedule be amended as follows:

- File Joint Rule 56.1 Statement:  March 10, 2021 (as opposed to February 24, 2021)
- File Summary Judgment Moving Papers: March 26, 2021 (as opposed to March 12, 2021)
- File Summary Judgment Opposition: April 16, 2021 (as opposed to April 2, 2021)
- File Reply in Support of Summary Judgment: April 23, 2021 (as opposed to April 9, 2021)

Due to the anticipated length of each party's statement of facts, the parties have agreed to the following page limitations pursuant to your Individual Practices in Civil Cases 2(H):

- Supporting Memoranda of Law:   65 pages
- Opposing Memoranda of Law:     65 pages
- Reply Memoranda of Law:        20 pages

Finally, as the parties have been negotiating a Joint Rule 56.1 Statement, it has become apparent that the parties' respective summary judgment motions will contain a great deal of information designated as confidential in accordance with the Amended Discovery Confidentiality Order that was approved by Magistrate Judge Gorenstein on July 19, 2018. *See* Docket No. 34.

February 24, 2021
Page 2

All of the contracts at issue in the litigation, nearly all the documents produced by Bard, and the material portions of the deposition transcripts have been designated as either "Confidential" or "Confidential-Attorney's Eyes Only."

      Bard's confidentiality designations are based upon the inclusion of trade secrets, competitive sensitive technical, marketing, financial, sales or other confidential business information, as well as uniquely sensitive confidential and proprietary information regarding various products under development. Given the sensitive and competitive nature of the field Bard operates in, Bard has a strong interest in limiting access to these documents. Bard asserts that the public disclosure of the information designated as confidential would harm its business interests and result in serious competitive injury. 3DT does not object to the confidential designations asserted by Bard.

      The parties agreed that the issue of redactions and filing under seal should be raised with the Court prior to the filing deadlines. Accordingly, pursuant to Paragraph 2(g) of your Individual Practices in Civil Cases, the parties request permission to file all summary judgment pleadings under seal without need for additional motion practice. The parties believe that given the volume of confidential information expected to be filed, redacted filings would be impractical and filing all pleadings under seal would be the most efficient method of maintaining the confidentiality of the confidential materials.

      The parties have enclosed a joint proposed Amended Summary Judgment Case Management Plan that addresses the scheduling, page limits and redaction issues in this letter for Your Honor's consideration.

      Respectfully Submitted,

      DELK McNALLY LLP

      */s/ Daniel J. Gibson*

      Daniel J. Gibson

cc: Counsel of Record (via ECF)