**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 3DT Holdings LLC,<br>Plaintiff,<br><br>Bard Access Systems Inc.,<br>Defendant. | Civil Action No. 1-17-cv-05463-LJL-GWG<br><br>**DECLARATION OF DANIEL J. GIBSON IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Daniel J. Gibson, as counsel of record for Plaintiff, 3DT Holdings, LLC ("3DT"), declare and certify as follows:

1. I am a partner with the law firm of Delk McNally LLP.

2. Delk McNally LLP serves as counsel of record for the Plaintiff, 3DT Holdings, LLC, in this matter.

3. I am familiar with the facts and circumstances of this case, including the documents produced in discovery and the depositions taken by the parties.

4. This Declaration is submitted in support of the Plaintiff's Motion for Summary Judgment filed simultaneously herewith.

5. The deposition of Ghassan Kassab, PH.D, was taken on January 31, 2020, before a Registered Professional Reporter in San Diego California. Attached hereto as Exhibit 1 are true and correct excerpts from the deposition of Ghassan Kassab.

6. The deposition of Anthony Misener was taken on January 15, 2020, before a Registered Professional Reporter in Salt Lake City, Utah. Attached hereto as Exhibit 2 are true and correct excerpts from the deposition of Anthony Misener.

7. The deposition of Bradley Zentgraf was taken on February 13, 2020, before a Registered Professional Reporter in Salt Lake City, Utah. Attached hereto as Exhibit 3 are true and correct excerpts from the deposition of Bradley Zentgraf.

8. Attached hereto as Exhibit 4 is a true and correct copy of the January 7, 2015 Penske Integration Meeting Minutes, bates stamped BAS-3DT 0021244-BAS through BAS-3DT 0021262 which were produced by Defendant in discovery.

9. The deposition of Christopher Phillips was taken on July 23, 2020, via videoconference before a Registered Professional Reporter. Attached hereto as Exhibit 5 are true and correct excerpts from the deposition of Christopher Phillips.

10. Attached hereto as Exhibit 6 is a true and correct copy of a Penske Animal Study Summary bates stamped BAS-3DT 0030129 through BAS-3DT 0030131 which was produced by Defendant in discovery.

11. Attached hereto as Exhibit 7 is a true and correct copy of the December 2015 Penske Integration Meeting Minutes bates stamped BAS-3DT 0021246 through BAS-3DT 0021262 which were produced by Defendant in discovery.

12. The deposition of Anthony Decheek was taken on July 24, 2020, via videoconference before a Registered Professional Reporter. Attached hereto as Exhibit 8 are true and correct excerpts from the deposition of Anthony Decheek.

13. Attached hereto as Exhibit 9 is a true and correct copy of a January 11, 2016 email between Misener and Decheek bates stamped BAS-3DT 0059217 which was produced by Defendant in discovery.

14. Attached hereto as Exhibit 10 is a true and correct copy of January 11, 2016 email communications between Bard employees bates stamped BAS-3DT 0059226 through BAS-3DT 0059228, which was produced by Defendant in discovery.

15. Attached hereto as Exhibit 11 is a true and correct copy of the January 25, 2016 Project Status Report bates stamped BAS-3DT 0061790 which was produced by Defendant in discovery.

16. Attached hereto as Exhibit 12 is a true and correct copy of the March 2016 Marketing Monthly Report bates stamped BAS-3DT 0060284 through BAS-3DT 006285 produced by Defendant in discovery.

17. Attached hereto as Exhibit 13 is a true and correct copy of a February 9, 2016 Email between Anthony Misener and Randi Cleverly bates stamped BAS-3DT 0061511 which was produced by Defendant in discovery.

18. The deposition of Zach Davis was taken on February 13, 2020, before a Registered Professional Reporter in Salt Lake City, Utah. Attached hereto as Exhibit 14 are true and correct excerpts from the deposition of Zach Davis.

19. Attached hereto as Exhibit 15 is a true and correct copy of March 8, 2016 email communications between Brad Zentgraf and a third-party vendor bates stamped BAS-3DT 0045698 through BAS-3DT 0045699, which was produced by Defendant in discovery.

20. Attached hereto as Exhibit 16 is a true and correct copy of the April 2016 Marketing Monthly Report bates stamped BAS-3DT 0057520 through BAS-3DT 0057523 which was produced by Defendant in discovery.

21. Attached hereto as Exhibit 17 is a true and correct copy of the May 2016 Marketing Monthly Report bates stamped BAS-3DT 0057529 through BAS-3DT 0057530 which was produced by Defendant in discovery.

22. Attached hereto as Exhibit 18 is a true a correct copy of June to August email communications between Anthony Misener and Luke Tedesco bates stamped BAS-3DT 0052568 through BAS-3DT 0052571 which were produced by Defendant in discovery.

23. Attached hereto as Exhibit 19 is a true and correct copy of a July 25, 2016 email from William Roeca bates stamped BAS-3DT 0050192 which was produced by Defendant in discovery.

24. Attached hereto as Exhibit 20 is a true and correct copy of a July 27, 2016 Bard email regarding Poliac Engineer Resources bates stamped BAS-3DT 0050212 which was produced by Defendant in discovery.

25. Attached hereto as Exhibit 21 is a true and correct copy of the August 2016 Marketing Monthly Report bates stamped BAS-3DT 0050510 through BAS-3DT 0050511 which was produced by Defendant in discovery.

26. The deposition of Gregory Haas was taken on December 21, 2020, before a Registered Professional Reporter via videoconference. Attached hereto as Exhibit 22 are true and correct excerpts from the deposition of Gregory Haas.

27. Attached hereto as Exhibit 23-1 is a true and correct copy of a December 7, 2016 email attaching a project status report from Bard bates stamped BAS-3DT 0053127 which was produced by Defendant in discovery. In addition, Exhibit 23-2 is the pdf version of a native excel file of the project status report attached to the December 7, 2016 email produced by Defendant

with bates stamp BAS-3DT 0053128. The pdf version attached is scaled to fit all columns on a single page without any alteration to the substantive content.

28. Attached hereto as Exhibit 24 is a true and correct copy of the Answers of Defendant Bard Access System Inc. Answers to Plaintiff's Interrogatories served by Defendant in discovery.

I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: March 26, 2021
Muncie, Indiana

*/s/ Daniel J. Gibson*
Daniel J. Gibson