

**Natalie H. Mantell**
Partner

T. 973-639-7926
F. 973-297-3949

nmantell@mccarter.com

McCarter & English, LLP

Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056

www.mccarter.com

> The redactions proposed below are approved.  The motions to seal at Dkt. Nos. 71, 74, 81, 85, 91, 93, and 97 are granted insofar as they request the redactions set forth in this submission.  To the extent those motions seek additional redactions, they are denied.  By March 4, 2022, the parties shall directed to file on the public docket the relevant documents with the permitted redactions.  The Clerk of Court is respectfully directed to close Dkt. Nos. 71, 74, 81, 85, 91, 93, and 97.
>
> SO ORDERED.
>
> /s/ Lewis J. Liman
> LEWIS J. LIMAN
> United States District Judge
>
> 2/28/2022

February 24, 2022

**VIA ECF**

Hon. Lewis J. Liman, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse – Southern District of New York
500 Pearl St., Courtroom 15C
New York, NY 10007-1312

Re:   **3DT Holdings LLC v. Bard Access Systems, Inc.**
       Civil Action No.: 17-cv-5463-LJL-GWG

Dear Judge Liman:

Pursuant to the Court's Orders (Dkt. 110 and 112), the parties submit this joint letter listing redactions that should remain in their prior submissions.  The enclosed charts – which each party prepared for its filings – identify page:line citations for these redactions, as well as an abbreviated reason for each phrase or statement requested to remain redacted.  The parties have limited the redactions to confidential and proprietary product development information related to Penske and other technology, confidential regulatory and marketing strategies for a next-generational medical device that has not yet been submitted to the FDA or released to market, the amounts of money at issue, confidential internal financial information and confidential personal information.

We have also enclosed several previously filed documents that are not conducive to page:line citations with revised highlighted redactions.

Consistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and its progeny, Bard respectfully requests that this information remain redacted.  *See id.* at 120 (explaining that courts should consider the "privacy interests of those resisting disclosure" of proprietary information); *Julian v. MetLife, Inc.*, No. 17-CV-957 (AJN), 2021 WL 3887763, at *15 (S.D.N.Y. Aug. 31, 2021) (citing *Lugosch*, 435 F.3d at 119) ("Courts may permit narrowly tailored requests for sealing when there are important privacy and other competing interests at stake."); *Sylvania v. Ledvance LLC*, No. 20-CV-9858 (RA), 2021 WL 412241, at *2 (S.D.N.Y. Feb. 5, 2021) (citing *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) and *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606,614 (S.D.N.Y. 1998)) ("[C]ourts have long recognized the protection of trade secrets as a justification for limiting public access to judicial documents" and that "[h]arm to a litigant's competitive standing likewise constitutes a competing consideration").

February 24, 2022
Page 2

Disclosure of this highly-sensitive information at this time would cause competitive harm to Bard. Indeed, this information, if disclosed, could be used by competitors to gain a competitive business advantage over Bard in the market, particularly with regard to the development of similar technologies and/or in negotiation and structuring of deals and agreements with counterparties in the field. Disclosure of Bard's confidential regulatory strategies could also impact the FDA's clearance of a future medical device that has not yet been submitted to the FDA or brought to market.

If the Court has any questions regarding these proposed redactions, the parties can be available for a teleconference at the Court's convenience.

The parties thank the Court for its consideration of this matter.

Respectfully submitted,

*Natalie H. Mantell*

Natalie H. Mantell

Enclosures

cc: All counsel of record (w/encl.)

ME1 39685775v.1